GEORGE J. CALCAGNINI
ATTORNEY AT LAW

376 Route 202
Somers, NY 10589
Admitted in NY & NC

Hon. Philip M. Halpern
U.S. District Court
300 Quarropas Street
White Plains, NY  10601

> Application denied without prejudice. The Court's order specified that "all parties shall call" in to the pre-motion conference. (Doc. 49). Because counsel's letter does not indicate whether all other parties consent to advancing the conference to January 5, 2026 or to some other date, or the reasons given if they do not consent, as required by this Court's Individual Practices Rule 1(C), the application is denied without prejudice.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>         December 29, 2025

Re:  RC Recreation Development, LLC v. The Town of Yorktown, et al.
     Case No. 7:25 cv 08253

Dear Judge Halpern:

I represent the Defendants Yorktown Golf Group, Inc., Anthony Stallone and Carmine DeMeglio in the above mentioned action and am writing in response to the correspondence which resulted in your setting a telephone conference for January 6, 2026 at 10:00 a.m. to address the other Defendants' request for a pre motion conference.

I support the Co-Defendants' position in this matter.  In order to save money for my clients, my intention is to sit back and let the Town of Yorktown make its motion and then use the resulting decision to the advantage of my clients.  Based on the identical facts at issue herein, the Plaintiff previously filed an unfair competition case against my clients in state court asserting claims for (1) tortious interference with the Plaintiff's contract with the Town, (2) unjust enrichment, (3) conversion of improvements made to the golf course and certain unidentified fixtures allegedly installed on the Town's property, and (4) imposition of a constructive trust on the Town's golf course and restaurant now operated by Yorktown Golf Group. That action was dismissed by the state court.

The complaint in the present action asserts 4 claims, which are:

1.  Denial of equal protection (selective treatment),
2.  False advertising,
3.  False endorsement,
4.  Copyright infringement,
5.  Deprivation of property without due process, and
6.  Unjust enrichment.

Hon. Philip M. Halpern
December 26, 2025
Page 2

Claims 1 and 5 clearly do not apply to non-state actors such as my clients herein.  The unjust enrichment claim is barred by the dismissal of the unjust enrichment claim in the state court.  I believe the motion by the Town will show the complete lack of merit to the other claims, which is why I intend to sit back and let the Town proceed with its motion to dismiss.

Under the circumstances I do not believe that my participation during the conference on January 6, 2026 is necessary.  If my participation in the conference is required, then I respectfully request that it be rescheduled to the afternoon of January 5, 2026.  The reason for the rescheduling request is that I will be starting a trial on January 5, 2026 in the Superior Court of the State of North Carolina, County of Henderson, entitled Freer V. City of Hendersonville and Cooper construction Inc., File #24-cvs-001022-440.  January 5, 2026 is likely to be only in the morning to address the motions in limine.  The jury is scheduled to report in the morning on January 6, 2026 for jury selection.  The trial will likely last two weeks.  Based on the foregoing, I will not be available for the pre-motion telephone conference in the case before you on January 6.

Kindly have your staff advise me if my participation in the January 6 conference can be waived or if the conference can be rescheduled to the afternoon of January 5, 2026.

Yours truly,

GEORGE J. CALCAGNINI

Via e-filing only